# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT SUSTRIK, et al.,

    Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant(s).

Case No. 2:16-cv-02866-RFB-NJK

ORDER

Pending before the Court is Plaintiffs' motion to seal, which is defective in several ways. Docket No. 44. Most significantly, it appears Plaintiffs' counsel filed publicly the very exhibit at issue. Docket No. 43 ("Attached to this notice is a *sealed copy* of Exhibit A-9" (emphasis added)). The Court has instructed the Clerk's Office to seal the document on a temporary basis, but the filing attorney must explain why this document was filed publicly when Plaintiffs are simultaneously arguing that it should be sealed.

The motion to seal was also filed in violation of the Court's order dictating the procedures that must be followed when a party files another party's material that has been designated as confidential pursuant to their blanket stipulated protective order:

> If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the

> intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.

Docket No. 22 at 2. The motion to seal does not provide a declaration by Defendant as to why the exhibit should be sealed, nor does it appear that the pre-filing procedures mandated by the Court were followed.[1]

Lastly, the motion to seal indicates that, "[t]o seal documents attached to a motion to compel, a party must demonstrate a compelling reason to prevent disclosure." Docket No. 44 at 2. The cases cited by Plaintiffs do not support that position. To the contrary, one of the cases cited addresses discovery motions as an example of instances in which courts will generally review motions to seal under the more lenient "good cause" standard. *The Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Ultimately, however, the title of a motion is not determinative of the applicable standard; instead, the Court must look to whether the particular motion is more than tangentially related to the merits of the case. *See id.* at 1099.

In light of the above, the Court **ORDERS** as follows:

- The Clerk's Office is **INSTRUCTED** to maintain Exhibit A-9 under seal for the time being at both Docket Nos. 43 and 46;
- Plaintiffs' counsel shall file, by October 11, 2017, a declaration as to why he filed on the public docket at Docket No. 43 what he identifies as a sealed version of the exhibit;
- Plaintiffs' counsel shall file, by October 11, 2017, a declaration as to why he did not comply with the Court's mandate regarding the applicable procedures for filing under seal documents designated as confidential by another party;

---

[1] The fact that Plaintiffs themselves believe Defendant's document can be sealed does not obviate the need to analyze the propriety of sealing that document. At bottom, the Court must ensure that the public has access to court filings unless the appropriate standards have been met, so whether the parties agree to sealing a document is not dispositive of the sealing request.

- Plaintiffs shall file, by October 11, 2017, a supplemental brief in support of their position that the "compelling reasons" standard applies; and
- Defendant shall file, by October 11, 2017, either (1) a notice that Exhibit A-9 may be unsealed or (2) a brief supported by declaration indicating the standard applicable to the pending motion to seal and evidentiary support as to why that standard is met.

IT IS SO ORDERED.

DATED: October 5, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge