# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHARON BARNUM, et al., | Case No. 2:16-cv-02866-RFB-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 42, 69) |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to compel. Docket No. 42. A response was filed thereto, and a reply. Docket Nos. 59, 65. A few weeks after the reply was filed, Plaintiffs filed a motion to submit supplemental authority, Docket No. 69, which spawned another response and another reply, Docket Nos. 71, 74. A few weeks after that supplemental motion was fully briefed, Plaintiffs then filed a motion to extend the discovery cutoff that indicates that a primary document underlying the dispute at issue in the motion to compel is now in doubt. *See, e.g.*, Docket No. 75 at 21. While Plaintiffs indicate the latest dispute may impact the motion to compel, *see id.*, they provide insufficient guidance on how that may be and how the Court can rule on the motion to compel at this point given the issues being raised.

The Court declines to sift through seven briefs that appear to touch on the dispute at issue in the motion to compel (not including the forthcoming briefing on the motion to extend). At the same time, the Court seeks to minimize any further delay in resolving that dispute. Accordingly, the parties shall meet-and-confer on the underlying dispute in relation to the changed landscape by December 22, 2017.

To the extent a dispute remains, the parties shall file, by December 29, 2017, a joint statement regarding each discovery request for which a dispute exists. That joint statement must **separately address each disputed request**, providing the text of the request, the specific objections to it, Defendant's arguments supporting each objection, and then Plaintiffs' arguments opposing each objection. *Cf.* C.D. Cal. Local Rule 37-2.1 (outlining similar procedure for presenting discovery disputes in the form of joint stipulations). Because this is a joint submission, the page limitations established in the local rules shall not apply, although counsel shall be as concise as the subject matter permits.[1] The joint statement must be complete in itself. The parties may not incorporate by reference arguments made elsewhere. The joint statement shall attach any declarations or exhibits that the parties wish to be considered.

As the original movants, Plaintiffs shall be responsible for compiling and filing the joint statement, and the parties shall confer on the best mechanism for accomplishing that. *Cf.* C.D. Cal. Local Rule 37-2.2. This must be a cooperative process. The Court expects counsel to be transparent with one another as to their arguments, including circulating their written arguments with sufficient time to respond thereto in their own section of the joint submission.

The pending motion to compel (Docket No. 42) is **DENIED** without prejudice and the pending motion to supplement (Docket No. 69) is **DENIED** as moot.

IT IS SO ORDERED.

DATED: December 19, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] To be clear, the parties must meaningfully develop their arguments. Merely identifying an objection or response thereto will not suffice. *Cf. Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts may deem waived arguments that are not meaningfully developed).