**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON BARNUM, et al., | Case No. 2:16-cv-02866-RFB-NJK |
| Plaintiff(s), | ORDER |
| v. | (Docket No. 96) |
| EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to compel and Defendant's counter-motion for protective order, filed as a joint statement. Docket No. 96 ("J.S."). Through that same filing, Plaintiffs also request appointment of a special master. *See id*. The Court held a hearing on the matter on March 9, 2018. For the reason discussed below, Plaintiffs' motion to compel is **DENIED**, Defendant's motion for protective order is **GRANTED** in part and **DENIED** in part, and the motion for a special master is **DENIED**.

**I.    STANDARDS AND ANALYSIS**

When a party fails to provide requested discovery, the requesting party may move to compel that discovery. *See* Fed. R. Civ. P. 37(a)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The party seeking to avoid discovery bears the burden of explaining why discovery should be denied. *See U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006);

*see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (addressing burdens following 2015 amendments to the discovery rules). To the extent the Court finds any or all of the discovery sought to be improper, it may issue an order protecting the responding party from that discovery. Fed. R. Civ. P. 37(a)(5)(B).

### A. CLASS DISCOVERY GENERALLY

The parties argue at some length as to whether Plaintiffs have made a sufficient showing to engage in class discovery generally. *See* J.S. at 19-25.[1] This dispute is not properly before the Court. The parties requested that the Court delay class certification precisely so that discovery could occur. Docket No. 40 at 2. Equifax has already been providing class-related discovery for some time. *See, e.g.*, J.S. at 65 (responding to Request for Production No. 3 that, *inter alia*, "Equifax will produce responsive, non-privileged documents"); J.S. at 22 (Equifax referencing that class discovery has been ongoing already for eight months). Discovery is now in its final stages. *See* Docket No. 103 (setting discovery cutoff of June 22, 2018). Equifax has not provided in the joint statement sufficient reason for the Court to opine on this issue at this time. As the specific discovery disputes may be resolved on other grounds, the Court declines to address this overarching argument at this time.

### B. FIRST SET OF DISPUTES

The first set of disputes before the Court involve Plaintiffs' attempt to obtain discovery specific to the different manners in which Equifax was notified of a dispute and information as to its responses broken down by the manner in which notification was provided.[2] For example, Interrogatory No. 1 requests the number of disputes received by Equifax over a two-year period broken down by disputes received by U.S. mail, email or other electronic means, telephone, or other means (such as facsimile or

---

[1] The Court has discretion to deny class discovery in certain circumstances. *See, e.g.*, *Fisher v. MJ Christensen Jewelers, LLC*, 2016 WL 8735670, at *2-3 (D. Nev. Sept. 2, 2016) (discussing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)). The Ninth Circuit has recognized, however, that "'the better and more advisable practice . . . to follow is to afford the litigants an opportunity to present evidence as to whether a class action' is maintainable," which necessarily requires discovery in most cases. *Id.* at *2 (quoting *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

[2] This set of disputes involves Plaintiffs' Interrogatories 1, 3, and 5, and Requests for Production of Documents 9, 10, and 11.

Federal Express). J.S. at 26. Equifax responded to that interrogatory by indicating that it opened 22,539,476 new cases collectively for disputes received by U.S. Mail, email, or other electronic means. *Id.*[3] Equifax further objected that, *inter alia*, a more individualized response would be unduly burdensome. *Id.* The Court agrees with Equifax.

"A party claiming undue burden or expense ordinarily has far better information–perhaps the only information–with respect to that part of the determination." *Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 334 (D. Nev. 2016) (quoting Fed. R. Civ. P. 26(b)(1), Advisory Committee Notes (2015)). As a result, it has long been clear that a party claiming that discovery imposes an undue burden must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997); *see also U.S. E.E.O.C. v. Caesars Entertainment*, 237 F.R.D. 428, 432 (D. Nev. 2006) (conclusory or speculative statements of harm, inconvenience, or expense are insufficient). Once a burden has been established, the question becomes whether that burden is "undue." As such, the Court must balance the burden identified with the likely benefit of the discovery being sought. *See, e.g.*, *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016).

In this case, Equifax has filed a declaration explaining that complying with the itemized discovery requests would require an individualized review of millions of files. *See* Docket No. 96-39 at ¶¶ 14-15. Such review would require an extensive time commitment by Equifax's employees. *See id.* Hence, Equifax has shown by sworn evidence that complying with these discovery requests would require a significant effort on its part.[4] Moreover, the Court fails to discern a sufficiently important

---

[3] At the hearing, Plaintiffs' counsel expressed doubt as to the accuracy of this response. Nonetheless, the interrogatory response was certified by Equifax pursuant to Rule 26(g) of the Federal Rules of Civil Procedure, *see* Docket No. 96-12 at 6, and Plaintiffs' counsel's skepticism as to its accuracy is not grounds to compel a further response.

[4] Plaintiffs cast doubt on that accuracy of this declaration, arguing that it may be possible for Equifax to obtain the information without an individualized inquiry. *See, e.g.*, J.S. at 27 & n.74; *but see, e.g.*, *id.* at 32-34 (countering that suggestion). Plaintiffs' conjecture does not defeat Equifax's sworn declaration that an individualized inquiry is required.

benefit in Plaintiffs' discovery of the information at issue that outweighs the burden to Equifax identified.

Accordingly, the Court finds that these discovery requests impose an undue burden on Equifax. The Court therefore **DENIES** Plaintiffs' request to compel further responses and **GRANTS** Equifax's request for a protective order.

### C. SECOND SET OF DISPUTES

The second set of disputes involves three requests for production in which Plaintiffs seek documents as to Equifax's "transmission of Dispute Responses to a Disputing Consumer" and its policies to ensure the results of a reinvestigation are "provided to a consumer." J.S. at 56, 65, 68.[5] This set of disputes appears to encompass two primary issues, which are addressed below.

#### 1. Scope of Request for Production No. 2

With respect to Request for Production No. 2, the primary dispute centers around Equifax's non-production of documents pertaining to Canon. J.S. at 57-59. Equifax has responded that it has no responsive documents with respect to Canon because it provides services related to incoming mail and has no role in the "transmission of a Dispute Responses to a Disputing Consumer." J.S. at 60. The Court agrees with Equifax. The discovery request asks for documents concerning transmission of disputes to costumers and, whether they may be relevant to the case in general or not, documents about Canon's handling of incoming disputes do not fall within the scope of that request. The Court will not compel the production of documents that have not been requested. *See, e.g.*, *Scientific Games Corp. v. AGS LLC*, 2017 WL 3671286, at *3 n.6 (D. Nev. Aug. 24, 2017).

#### 2. Allegedly Missing Documents

With respect to all three requests for production in this set of disputes, Plaintiffs contend that Equifax has failed to provide all responsive documents and, in particular, that certain documents it has located elsewhere or would expect to be in Equifax's possession were not produced. *See, e.g.*, J.S. at 69. Equifax responds that it has conducted a "diligent, good-faith search" for responsive documents,

---

[5] This set of disputes involves Requests for Production of Documents 2, 3, and 15.

and has produced all that it located. *See e.g.*, J.S. at 64; *see also* Docket No. 96-37. The parties have not provided sufficient information for the Court to resolve this aspect of the dispute.

Parties are required to produce documents that are in their "possession, custody, or control." Rule 34(a)(1). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted). When a party asserts that it does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks v. Parsons*, 2009 WL 3003718, *4 (E.D. Cal. Sept. 18, 2009). If a reasonable search was undertaken and the searching party lacks responsive documents, then there is nothing to compel. *See, e.g.*, *Acosta v. Wellfleet Comm's, LLC*, 2018 WL 664779, at *7 (D. Nev. Feb. 1, 2018) (parties cannot be compelled to produce documents that do not exist).

At the hearing, Equifax indicated that it has not provided a detailed description of the search undertaken. The Court finds the best approach is for Equifax to provide a declaration detailing the search it undertook and attesting that no unproduced responsive documents were found notwithstanding that search. *E.g., F.D.I.C. v. 26 Flamingo, LLC*, 2013 WL 3975006, at *3 (D. Nev. Aug. 1, 2013). That declaration shall be provided to Plaintiffs within 14 days.

Accordingly, the Court **DENIES** without prejudice this aspect of the competing motions to compel and for protective order.

## II. REQUEST TO APPOINT A SPECIAL MASTER TO OVERSEE DISCOVERY

Plaintiffs lastly seek appointment of a special master to oversee discovery, a request that Defendant opposes. *See* J.S. at 74-84.[6] District courts have discretion to appoint a special master to

---

[6] Neither party addresses a magistrate judge's authority to resolve a request for appointment of a special master. Discovery disputes are generally considered non-dispositive in nature, and magistrate judges

address pretrial matters that cannot be handled effectively by the judges assigned to the case. Fed. R. Civ. P. 53(a)(1)(C). Appointment of a special master must be "the exception and not the rule," and should occur only upon a showing of clear need. *See Burlington Northern R. Co. v. Dept. of Revenue of State of Wash.*, 934 F.2d 1064, 1071 (9th Cir. 1991); *see also* Fed. R. Civ. P. 53, Advisory Committee Notes (2003) ("A pretrial master should be appointed only when the need is clear"). Plaintiff has not made a sufficient showing that appointment of a special master is warranted here, and the Court therefore **DENIES** that request.

## III.    CONCLUSION

For the reason discussed above, Plaintiffs' motion to compel is **DENIED**, Defendant's motion for protective order is **GRANTED** in part and **DENIED** in part, and the motion for a special master is **DENIED**.

IT IS SO ORDERED.

DATED: March 9, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

are frequently tasked with resolving them. *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 448 (C.D. Cal. 2007). Indeed, the local rules in this District refer all discovery-related disputes to magistrate judges. *See* Local Rule 26-7(a). By extension, a magistrate judge has the authority to resolve a request to appoint a special master to oversee discovery. *See, e.g.*, *Glover v. Wells Fargo Home Mtg.*, 629 Fed. Appx. 331, 340 (3d Cir. 2015).