Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
Fax: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHARON BARNUM, JERRY P. CABEBE, ROBERT SUSTRIK, and all similarly situated individuals,<br><br>        Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>        Defendant | Case No.: 2:16-cv-02866-RFB-NJK<br><br><br>**STIPULATION TO PLAINTIFFS' FILING OF FOURTH AMENDED COMPLAINT** |

      PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 15(a)(2), LR

7-1, and LR IA 6-2, the parties have stipulated to Plaintiffs filing their proposed Fourth

Amended Complaint, attached hereto as Exhibit 1, and to a 7-day extension of time for Equifax

STIPULATION TO PLAINTIFFS' FILING OF FOURTH AMENDED COMPLAINT - 1

to respond to the Fourth Amended Complaint. Equifax's response to the Fourth Amended Complaint will be due 21 days after the filing of this stipulation. Equifax enters into this stipulation without waiving and while expressly reserving any and all defenses to the Fourth Amended Complaint.

IT IS SO STIPULATED.

Dated: March 20, 2018

| /s/ *Matthew I. Knepper, Esq.* | /s/ *Zachary A. McEntyre, Esq.* |
|---|---|
| Matthew I. Knepper, Esq. | Misty L. Peterson, Esq. |
| Nevada Bar No. 12796 | Zachary A. McEntyre, Esq. |
| Miles N. Clark, Esq. | KING & SPALDING LLP |
| Nevada Bar No. 13848 | 1180 Peachtree Street NE |
| KNEPPER & CLARK LLC | Atlanta, GA 30309 |
| Email: matthew.knepper@knepperclark.com | Email: mpeterson@kslaw.com |
| Email: miles.clark@knepperclark.com | Email: zmcentyre@kslaw.com |
| | |
| David H. Krieger, Esq. | Bryan Zubay, Esq. |
| Nevada Bar No. 9086 | KING & SPALDING LLP |
| HAINES & KRIEGER, LLC | 1100 Louisiana, Ste. 4000 |
| Email: dkrieger@hainesandkrieger.com | Houston, TX 77002 |
| | Email: bzubay@kslaw.com |
| *Counsel for Plaintiff* | |
| | Bradley T. Austin, Esq. |
| | Nevada State Bar No. 13064 |
| | SNELL & WILMER LLP |
| | 3883 Howard Hughes Pkwy., Ste. 1100 |
| | Las Vegas, NV 89169 |
| | Email: baustin@swlaw.com |
| | |
| | *Counsel for Equifax Information Services, LLC* |

/ / /

STIPULATION TO PLAINTIFFS' FILING OF FOURTH AMENDED COMPLAINT - 2

## <u>ORDER</u>

**IT IS SO ORDERED.**   The Clerk of the Court is instructed to file  Exhibit 1, Proposed Amended Complaint which will serve as the operative Complaint.

.

_____
RICHARD F. BOULWARE, II
United States District Court

DATED this  28th  day of  ___March,_  2018.

# **EXHIBIT 1**

Plaintiffs' Proposed Fourth Amended Complaint

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHARON BARNUM; ROBERT SUSTRIK, and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Civil Action No.: 2:16-cv-2866-RFB-NJK<br><br>**[PROPOSED] FOURTH AMENDED COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ. AND FOR RELIEF UNDER THE DECLARATORY JUDGMENT ACT, 15 U.S.C. § 2201**<br><br>**JURY TRIAL DEMANDED** |

## <u>INTRODUCTION</u>

1.     The United States Congress has found the banking system is dependent upon fair and

accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the

1

banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

2.       A central duty the FCRA imposes upon consumer reporting agencies is the prompt and thorough reinvestigation of disputes which consumers bring to the agency's attention regarding information on the consumer's credit report which is claimed to be inaccurate. The FCRA imposes explicit deadlines for when a consumer reporting agency must complete its reinvestigation of a consumer dispute and notify a consumer of the results of the same. Without prompt, thorough reinvestigation, and timely notice to consumers of the results, consumers have no assurances that their credit is being reported accurately, and suffer from anxiety, stress, and frustration from a perceived continuing damage to their creditworthiness.

3.       Plaintiffs Sharon Barnum ("Ms. Barnum") and Robert Sustrik ("Mr. Sustrik") (collectively, the "Plaintiffs"), on behalf of themselves and a class of similarly situated individuals (the "Class"), bring this action to challenge the actions of EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant") in connection with Equifax's failure to timely notify them and a class of similarly situated disputing consumers of the results of its reinvestigations and/or other dispute determinations

following completion and/or termination of a reinvestigation of a consumer dispute, as required by 15 U.S.C. § 1681i.

4.    Defendant's failure to timely notify Plaintiffs and Class members of the result of their credit disputes has resulted in, *inter alia*, damage to Plaintiffs and Class members' perceived creditworthiness.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. §1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

6.    This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7.    Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiffs are residents of Clark County, the State of Nevada and because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

8.    Plaintiffs are all natural persons residing in the County of Clark, State of Nevada. In addition, Plaintiffs and all putative Class members are "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

9.    Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce

to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

10. Unless otherwise indicated, the use of Equifax's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Equifax.

**EQUIFAX FAILED TO TIMELY NOTIFY PLAINTIFF SHARON BARNUM AFTER RECIPT OF PLAINTIFF'S DISPUTE LETTER OF EQUIFAX'S REINVESTIGATION RESULTS**

11. In an Equifax credit report dated July 10, 2016 (the "Barnum Equifax Credit Report"), Ms. Barnum believed that Comenity Bank/Brylnhme ("Comenity Brylnhme"), Comenity Bank/Lnbrynat ("Comenity Lnbryant"), JPMorgan Chase Bank ("JP Morgan"), Ocwen Loan Servicing, LLC ("Ocwen"), and Wilshire Credit Corporation ("Wilshire") (collectively, the "Barnum Furnishers") allegedly reported inaccurate, derogatory information.

12. On or about August 2, 2016, Ms. Barnum disputed the allegedly derogatory information on the Barnum Equifax Credit Report by notifying Equifax, in writing, of incorrect and inaccurate credit information contained on her Equifax Credit Report, and requested that this information be corrected (the "Barnum Equifax Dispute Letter.").

13. Ms. Barnum mailed the Barnum Equifax Dispute Letter to Equifax certified, return receipt.

14. After receipt of the Barnum Equifax Dispute Letter, Equifax was required to conduct a reasonable reinvestigation of the dispute to determine whether the disputed information was inaccurate. 15 U.S.C. § 1681i.

15. Specifically, Equifax was required where applicable to provide the disputed information to the Barnum Furnishers of that information no later than five days after receipt of the Barnum Equifax Dispute Letter.  15 U.S.C. § 1681i(a)(2)(A).

16. Equifax was required to conduct this reinvestigation before the end of the 30-day period after receiving the Barnum Equifax Dispute Letter.  15 U.S.C. § 1681i(a)(1)(A).  This period could be extended for not more than 15 days if Equifax received additional relevant information from Ms. Barnum during the 30-day reinvestigation period.  15 U.S.C. § 1681i(a)(1)(B).  However, Ms. Barnum provided no additional relevant information to Equifax during the 30-day reinvestigation period, and so Equifax's deadlines to reinvestigate and notify Ms. Barnum were not extended.

17. Equifax was further required to notify Ms. Barnum of the results of its reinvestigation in writing before the expiration of the 5-day period following completion of its reinvestigation.  15 U.S.C. § 1681i(a)(6)(A).

18. In the event Equifax determined during the course of its reinvestigation that Plaintiff's dispute was frivolous or irrelevant, Equifax was also required to notify Ms. Barnum in writing of that determination no later than 5 days after making that determination.  15 U.S.C. § 1681i(a)(3)(B).

19. However, Equifax never timely responded to the Barnum Equifax Dispute Letter at all by notifying Mr. Barnum, in writing or otherwise, within the time limits specified above, either that it had completed its reinvestigation of her dispute, or determined that the dispute was frivolous and/or irrelevant and terminated its reinvestigation.

20. Because Equifax failed to timely respond to the Barnum Equifax Dispute Letter, Ms. Barnum had no way of knowing whether Equifax timely notified any of the Barnum

Furnishers of disputed information as 15 U.S.C. § 1681i required, nor whether any of the Barnum Furnishers conducted a timely and proper investigation of the disputed information as required by 15 U.S.C. § 1681s-2(b).

21. Because Equifax failed to timely respond to the Barnum Equifax Dispute Letter, Ms. Barnum also could not determine whether, pursuant to its duty under 15 U.S.C. § 1681i(a)(5)(A)(i) and (ii), Equifax timely found the information she disputed was inaccurate.

22. Even if Equifax did in fact conduct a timely reasonable reinvestigation of Ms. Barnum's disputed information, or concluded that her dispute was frivolous, it failed to timely notify Ms. Barnum of the same in writing or otherwise, in violation of 15 U.S.C. § 1681i(a)(6)(A) and/or 15 U.S.C. § 1681i(a)(3)(B).

23. Equifax's failure to timely notify Ms. Barnum of the results of a reinvestigation, or notify Ms. Barnum that the dispute was frivolous, violated 15 U.S.C. § 1681i.

24. Equifax's failure to timely notify Ms. Barnum was at least negligent. 15 U.S.C. § 1681o.

25. On information and belief, in failing to timely notify Ms. Barnum, Equifax not only recklessly disregarded its reinvestigation obligations, but also lowered its own costs of conducting reinvestigations. Equifax's derogation of its statutory duty was thus willful. 15 U.S.C. § 1681n.

26. On information and belief, in failing to timely notify Ms. Barnum of the results of its reinvestigation, Equifax also sought to induce Ms. Barnum to seek to purchase a copy of her Equifax credit report to confirm its accuracy, resulting in direct pecuniary benefits to Equifax. Thus, Equifax's failure to timely notify Ms. Barnum was also willful. 15 U.S.C. § 1681n.

27.     In failing to and sought to induce Ms. Barnum to seek to purchase a copy of her Equifax credit report to confirm its accuracy, resulting in direct pecuniary benefits to Equifax. Thus, on information and belief, Equifax's failure to timely notify Ms. Barnum was also willful.  15 U.S.C. § 1681n.

28.     Equifax's failure to timely conduct a reasonable reinvestigation and/or frivolousness determination, and notify Ms. Barnum of the same, has caused Ms. Barnum to suffer actual damages.  15 U.S.C. § 1681o, 15 U.S.C. § 1681n.  Specifically, Ms. Barnum considered incurring additional expense in submitting additional correspondence with Equifax to obtain an investigation of the disputed furnisher trade lines.  Such costs are concrete and real, as Ms. Barnum's time has a real and true intrinsic value in addition to the real value and costs incurred in sending additional correspondence, such as ink, paper, stamps, envelopes and use of a certified mailing service to ensure receipt in addition to the expense already incurred for her original dispute which was disregarded by Equifax.

29.     Equifax's failure to timely notify Ms. Barnum also caused Ms. Barnum increased uncertainty, anxiety, and other emotional distress, because Ms. Barnum had no assurances from Equifax that any properly disputed information was timely corrected.  *Id.*  Ms. Barnum began suffering these damages on an ongoing basis, from the date Equifax's time to respond to the Barnum Equifax Dispute Letter expired under the FCRA.

30.     Equifax's failure to timely notify Ms. Barnum has also caused her to suffer a concrete informational injury, as Ms. Barnum had a statutorily guaranteed right to receive a timely response to her consumer dispute, which Equifax failed to provide.

31.   Ms. Barnum has been obligated to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result, recoverable under.  15 U.S.C. § 1681o, 15 U.S.C. § 1681n.

32.   As a result of Equifax's violations of the FCRA, Ms. Barnum is entitled to recover actual damages, statutory damages, punitive damages, and attorney's fees and costs.  15 U.S.C. § 1681o, 15 U.S.C. § 1681n.

**EQUIFAX FAILED TO TIMELY NOTIFY PLAINTIFF ROBERT SUSTRIK AFTER RECIPT OF MR. SUSTRIK'S DISPUTE LETTER OF EQUIFAX'S REINVESTIGATION RESULTS**

33.   In an Equifax credit report dated July 2, 2016 (the "Equifax Credit Report"), Mr. Sustrik believed that One Nevada Credit Union ("One Nevada"), Wells Fargo Home Mortgage ("Wells Fargo"), Nissan Motor Acceptance ("Nissan"), and Toyota Financial Services ("Toyota") (collectively, the "Sustrik Furnishers") reported inaccurate, derogatory information.

34.   On or about August 18, 2016, Mr. Sustrik disputed the allegedly derogatory information by notifying Equifax, in writing, of incorrect and inaccurate credit, and requested that this information be corrected (the "Sustrik Equifax Dispute Letter."). Mr. Sustrik mailed the Sustrik Equifax Dispute Letter to Equifax certified, return receipt.

35.   After receipt of the Sustrik Equifax Dispute Letter, Equifax was required to conduct a reasonable reinvestigation of the dispute to determine whether the disputed information was inaccurate.  15 U.S.C. § 1681i.

36.   Specifically, Equifax was required where applicable to provide the disputed information to the Sustrik Furnishers of that information no later than five days after receipt of the Sustrik Equifax Dispute Letter.  15 U.S.C. § 1681i(a)(2)(A).

37.     Equifax was required to conduct this reinvestigation before the end of the 30-day period after receiving the Sustrik Equifax Dispute Letter. 15 U.S.C. § 1681i(a)(1)(A). This period could be extended for not more than 15 days if Equifax received additional relevant information from Mr. Sustrik during the 30-day reinvestigation period. 15 U.S.C. § 1681i(a)(1)(B). However, Mr. Sustrik provided no additional relevant information to Equifax during the 30-day reinvestigation period, and so Equifax's deadlines to reinvestigate and notify Mr. Sustrik were not extended.

38.     Equifax was further required to notify Mr. Sustrik of the results of its reinvestigation in writing before the expiration of the 5-day period following completion of its reinvestigation. 15 U.S.C. § 1681i(a)(6)(A).

39.     In the event Equifax determined during the course of its reinvestigation that Mr. Sustrik's dispute was frivolous or irrelevant, Equifax was also required to notify Mr. Sustrik in writing of that determination no later than 5 days after making that determination. 15 U.S.C. § 1681i(a)(3)(B).

40.     However, Equifax never timely responded to the Sustrik Equifax Dispute Letter at all by notifying Mr. Sustrik, in writing or otherwise, within the time limits specified above, either that it had completed its reinvestigation of Mr. Sustrik's dispute, or determined that the dispute was frivolous and/or irrelevant and terminated its reinvestigation.

41.     Because Equifax failed to timely responded to the Sustrik Equifax Dispute Letter, Mr. Sustrik had no way of knowing whether Equifax timely notified any of the Sustrik Furnishers of disputed information as 15 U.S.C. § 1681i required, nor whether any of the Sustrik Furnishers conducted a timely and proper investigation of the disputed information as required by 15 U.S.C. § 1681s-2(b).

42. Because Equifax failed to timely respond to the Sustrik Equifax Dispute Letter, Mr. Sustrik also could not determine whether, pursuant to its duty under 15 U.S.C. § 1681i(a)(5)(A)(i) and (ii), Equifax timely found the information he disputed was inaccurate.

43. Even if Equifax did in fact conduct a timely reasonable reinvestigation of Mr. Sustrik's disputed information, or concluded that Mr. Sustrik's dispute was frivolous, it failed to timely notify Mr. Sustrik of the same in writing or otherwise, in violation of 15 U.S.C. § 1681i(a)(6)(A) and/or 15 U.S.C. § 1681i(a)(3)(B).

44. Equifax's failure to timely notify Mr. Sustrik of the results of a reinvestigation, or notify Mr. Sustrik that the dispute was frivolous, violated 15 U.S.C. § 1681i.

45. Equifax's failure to timely notify Mr. Sustrik was at least negligent. 15 U.S.C. § 1681o.

46. On information and belief, in failing to timely notify Mr. Sustrik, Equifax not only recklessly disregarded its reinvestigation obligations, but also lowered its own costs of conducting reinvestigations. Equifax's derogation of its statutory duty was thus willful. 15 U.S.C. § 1681n.

47. On information and belief, in failing to timely notify Mr. Sustrik of the results of its reinvestigation, Equifax also sought to induce Mr. Sustrik to seek to purchase a copy of his Equifax credit report to confirm its accuracy, resulting in direct pecuniary benefits to Equifax. Thus, Equifax's failure to timely notify Mr. Sustrik was also willful. 15 U.S.C. § 1681n.

48. Equifax's failure to timely conduct a reasonable reinvestigation and/or frivolousness determination, and notify Mr. Sustrik of the same, has caused Mr. Sustrik to suffer actual damages, including out-of-pocket expenses. 15 U.S.C. § 1681o, 15 U.S.C. § 1681n. Specifically, Mr. Sustrik incurred additional expense of purchasing an additional copy of his credit report after Equifax's time to respond had expired, in order to verify the accuracy

of the items reported on his credit report. Such costs are concrete and real, as Mr. Sustrik's time has a real and true intrinsic value in addition to the real value and costs incurred in sending additional correspondence, such as ink, paper, stamps, envelopes and use of a certified mailing service to ensure receipt.

49. Equifax's failure to timely notify Mr. Sustrik also caused Mr. Sustrik increased uncertainty, anxiety, and other emotional distress, because Mr. Sustrik has no assurances from Equifax that any properly disputed information was timely corrected. *Id.* Mr. Sustrik began suffering these damages on an ongoing basis, from the date Equifax's time to respond to the Sustrik Equifax Dispute Letter expired under the statute.

50. Equifax's failure to timely notify Mr. Sustrik has also caused him to suffer a concrete informational injury, as Mr. Sustrik had a statutorily guaranteed right to receive a timely response to his consumer dispute, which Equifax failed to provide.

51. Mr. Sustrik has been obligated to retain an attorney to prosecute this dispute, and has incurred attorney's fees and costs as a result. 15 U.S.C. § 1681o, 15 U.S.C. § 1681n.

52. As a result of Equifax's violations of the FCRA, Mr. Sustrik is entitled to recover actual damages, statutory damages, punitive damages, and attorney's fees and costs. 15 U.S.C. § 1681o, 15 U.S.C. § 1681n.

## CLASS ACTION ALLEGATIONS

53. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

55. Plaintiffs represent, and are members of the Class, consisting of:

All persons with addresses within the United States who within the past two (2) years notified Equifax of a consumer dispute for which Equifax failed to notify the consumer of the results of Equifax's reinvestigation or Equifax's determination of frivolousness:

(i)     within the expiration of the 30-day reinvestigation period beginning on the date Equifax received the notice of the dispute from the consumer; and, if applicable,

(ii)    within 15-days in addition to the initial 30-day period set forth in (i) above where the consumer provided Equifax with additional relevant information within the 30-day reinvestigation period.

This two-year period runs from the date the Complaint was filed in the instant matter.

56.   Excluded from the Class is any person who, within the two-year Class period, provided notice of their dispute to Equifax by telephone.

57.   The Class also excludes any person who falls within the definition if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending. This definition may be amended or modified.

58.   Plaintiffs do not know the number of members in the Class, but believe the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

59.   Plaintiffs and members of the Class were harmed by the acts of Equifax in at least the following ways: Equifax, either directly or through its agents, violated 15 U.S.C. § 1681i(a)(6)(A) when it failed to timely notify Plaintiffs and the Class members of its reinvestigation and/or termination of reinvestigation of their credit disputes after they notified Equifax of the same. Plaintiffs and the Class members were damaged thereby because Equifax's failure to timely notify them left them in a state of uncertainty regarding the accuracy of their credit reports.

60. This class allegation seeks recovery of actual, statutory, and punitive damages on behalf of the Class, declarations that Defendant's conduct common to all class members violated the FCRA, any relief the Court deems appropriate under Federal Rule of Civil Procedure 23(b)(2), as well as reasonable attorney's fees and costs. It expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

61. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The members of the Class can be identified through Defendant's records or Defendant's agents' records.

62. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a.     Whether, within the two years prior to the filing of this Complaint, Equifax or its agents violated 15 U.S.C. § 1681i(a)(6)(A) or 15 U.S.C. § 1681i(a)(3)(B) when it failed to timely notify Plaintiffs and the Class members of its reinvestigation of their credit disputes, or determined the disputes were frivolous and terminated its reinvestigations, after the class members disputed information on their credit reports with Equifax; and

    b.     Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violations.

63.     Plaintiffs are typical Class members in that Plaintiffs suffered harm resulting from Equifax's failure to timely notify them of its reinvestigation determinations.

64.     Plaintiffs will fairly and adequately represent and protect the interest of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

65.     Plaintiffs and the members of the Class have all suffered irreparable harm as a result of Equifax's unlawful and wrongful conduct; namely they each lost the timely provision of a response from Equifax addressing credit reporting errors within the statutorily defined reinvestigation period lasting thirty (30) to forty-five (45) days.  As a result, all the class members have suffered a concrete informational injury in that they have lost a benefit conferred on them by Congress, specifically the right to know that Equifax had timely reinvestigated their consumer disputes and responded to the same.  This benefit, now lost, can never be recovered.  Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Equifax will likely continue such illegal conduct, and may continue to attempt to enrich itself by lowering its reinvestigation costs and inducing consumers to purchase their credit reports from Equifax to verify the accuracy of information contained thereon.

66.     Thus, Plaintiffs and Class members request, in addition to their claims for FCRA relief, a declaration from the Court that in failing to timely notify Plaintiffs and Class members, Equifax violated 15 U.S.C. § 1681i(a)(6)(A) in the case of reinvestigations, or 15 U.S.C. § 1681i(a)(3)(B) in the case of reinvestigations terminated after Equifax determined any credit dispute was frivolous or irrelevant.  Such declarations will prevent Equifax from engaging in similar conduct for other consumers in the future.  Because of the size of the

individual Class member's claims, few, if any, of the Class members could afford to seek legal redress for the wrongs complained of herein.

67.     Class certification is also appropriate because Equifax has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the class members available under Federal Rule of Civil Procedure 23(b)(2).

68.     Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

69.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Equifax is small because the maximum statutory damages in an individual action for FCRA violations are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

70.     Equifax has acted on grounds generally applicable to the Class.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

71.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72.     The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*

73.     As a result of each and every willful violation of the FCRA, Plaintiffs and Class members are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1);

statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Equifax.

74. As a result of each and every negligent noncompliance of the FCRA, Plaintiffs and Class members are entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Equifax.

75. Plaintiffs and class members are also entitled to appropriate equitable injunctive relief, including orders preliminarily and permanently enjoining Equifax from further engagement in the FCRA violations listed above.  Federal Rule of Civil Procedure 23(b)(2).

**SECOND CAUSE OF ACTION**
**REQUEST FOR DECLARATORY RELIEF**
**28 U.S.C. § 2201**

76. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*

78. Plaintiffs and Class members are entitled to a declaration from the Court that Equifax's failure to notify any consumer in writing within 5 days of completing its reinvestigation of a consumer dispute violated 15 U.S.C. § 1681i(a)(6)(A).

79. Plaintiffs and Class members are entitled to a declaration from the Court that Equifax's failure to notify any consumer in writing within 5 days of terminating its reinvestigation

upon determining that a consumer dispute with either frivolous or irrelevant violated 15 U.S.C. § 1681i(a)(6)(A).

80. Plaintiffs and class members are also entitled to appropriate equitable injunctive relief, including orders preliminarily and permanently enjoining Equifax from further engagement in the FCRA violations listed above. Federal Rule of Civil Procedure 23(b)(2).

81. Plaintiffs and Class members have incurred attorney's fees to prosecute this cause of action and are entitled to reasonable attorney's fees and costs from Equifax.

## PRAYER FOR RELIEF

Plaintiffs and Class members respectfully requests the Court grant them the following relief against Defendant:

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and under 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;

- orders preliminarily and permanently enjoining Equifax from engaging in the violations of the FCRA outlined above; and

- any other relief the Court may deem just and proper.

/ / /

- A declaration from the Court that Equifax's failure to notify any consumer in writing within 5 days of completing its reinvestigation of a consumer dispute violated 15 U.S.C. § 1681i(a)(6)(A);

- A declaration from the Court that Equifax's failure to notify any consumer in writing within 5 days of terminating its reinvestigation upon determining that a consumer dispute with either frivolous or irrelevant violated 15 U.S.C. § 1681i(a)(6)(A);

- orders preliminarily and permanently enjoining Equifax from engaging in the violations of the FCRA outlined above; and

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

///

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiffs and Class members are entitled to, and demand, a trial by jury.

Dated: March 20, 2018                       Respectfully submitted,

                                          /s/ *Matthew I. Knepper, Esq.*
                                          Matthew I. Knepper, Esq.
                                          Nevada Bar No. 12796
                                          Miles N. Clark, Esq.
                                          Nevada Bar No. 13848
                                          KNEPPER & CLARK LLC
                                          10040 W. Cheyenne Ave., Suite 170-109
                                          Las Vegas, NV 89129
                                          Phone: (702) 825-6060
                                          FAX: (702) 447-8048
                                          matthew.knepper@knepperclark.com
                                          miles.clark@knepperclark.com

                                          David H. Krieger, Esq.
                                          Nevada Bar No. 9086
                                          HAINES & KRIEGER, LLC
                                          8985 S. Eastern Avenue, Suite 350
                                          Henderson, Nevada 89123
                                          Tel: (702) 880-5554
                                          Fax: (702) 385-5518
                                          dkrieger@hainesandkrieger.com

                                          Attorneys for Plaintiffs