Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 967-6665
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SHARON BARNUM; and ROBERT SUSTRIK, and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 2:16-cv-2866-RFB-NJK<br><br>**PLAINTIFFS' MOTION TO SEAL AND/OR REDACT EXHIBITS A-2, D, F, G, I AND J TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS** |

Plaintiffs Sharon Barnum and Robert Sustrik ("Plaintiffs") moves under Nevada Local Rule 10-5 and Federal Rule of Civil Procedure 5.2 for leave to file the Motion and exhibits A-2, D, F, G, I, and J to their Motion to Compel ("Motion") under seal or redacted in part, as described below.

| Exhibit No. | Description |
|---|---|
| n/a | Motion to Compel (redacted) |
| A-2 | March 23, 2018 Fluellen Declaration in Response to Court Order ("Court |

- 1 -

|   | Ordered Declaration") |
|---|---|
| D | Expert Report of Evan Hendricks (redacted) |
| F | Expert Report of John Ulzheimer (sealed) |
| G | Ulzheimer Deposition Transcript (sealed) |
| I | June 22, 2018 Data Disclosure |
| J | PII Grid |

## BACKGROUND

On February 28, 2017, the Court granted the parties' stipulated protective order,[1] and entered an order outlining additional compliance requirements.[2] The orders outlined the manner that documents for which confidential protection was sought should be filed under seal, with certain procedural adjustments for emergency filings such as this one.[3] Thereafter, defendant Equifax Information Services, LLC ("Equifax") and third party Fidelity National Card Services ("FIS") produced certain confidential, proprietary documents to Plaintiffs in discovery. Plaintiffs also disclosed the expert report of Evan Hendricks, which incorporates a block and indent quote from deposition of Equifax's 30(b)(6) witness Ms. Margaret Leslie; Equifax designated this deposition transcript under blanket confidentiality. Equifax also disclosed the expert report of Mr. John Ulzheimer, and along with his deposition transcript, Equifax designated both with blanket confidentiality. On June 22, 2018, Equifax disclosed 406MB of data ("Data Disclosure"). While Equifax indicated that it was subject to a blanket confidentiality designation, it has so far failed to indicate whether it, or FIS, its third-party print and mail provider, should be contacted for a declaration in support of proper standard for sealing. At issue in this motion are the following exhibits and deposition testimony, which Plaintiff seeks to file under seal.

## MEMORANDUM OF POINTS AND AUTHORITIES

While courts recognize a general right to "inspect and copy public records and documents, including judicial records and documents,"[4] access to judicial records is not

---
[1] ECF Dkt. 21.
[2] ECF Dkt. 22.
[3] *See id.*
[4] *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978).

- 2 -

absolute.[5] "[T]he court may order that a filing be made under seal without redaction."[6] To seal documents attached to a motion for summary judgment, a party must demonstrate a compelling reason to prevent disclosure,[7] which can occur when public records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[8] In *Ctr. for Auto Safety v. Chrysler Grp., LLC*,[9] the dissent argued for the "the bright line rule [] balanc[ing] the common law right of access to court records with the protection afforded under Rule 26(c):

> (1) If a party to a legal proceeding attaches a sealed discovery document to a nondispositive motion, "the usual presumption of the public's right of access is rebutted," and "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released."[10]
>
> (2) If a party attaches a sealed discovery document to a dispositive motion, the presumption of the public's right of access is not rebutted, and the party seeking to protect the document must show compelling reasons to maintain the documents under seal.[11]

However, the majority[12] rejected this position, and emphasized that "the public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'"[13]  Instead, "public access will turn on whether the motion is more than tangentially related to the merits of a case."[14]  The *Center for Auto Safety* panel decided that the compelling interest standard applied to a motion for preliminary injunctive relief because they are "extraordinary and drastic remedies, . . . they may certainly affect litigants' substantive rights, . . . and invoke important Article III powers[.]"[15]  Thus, in emphasizing the relationship of the motion's substance to the underlying cause of action, *Center for Auto Safety* supports the

---

[5] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[6] Fed. R. Civ. P. 5.2(d).
[7] *Kamakana*, 447 F.3d at 1178-79; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).
[8] *Id.* at 1178-79; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).
[9] *Id.*
[10] *Id.* at 1104 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (Ikuta, J., dissenting).
[11] *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).
[12] Albeit a somewhat divided one given Judge Sessions' concurrence.  *See id.* at 1103.
[13] *Id.* at 1101.
[14] *Id.*
[15] *Id.* at 1100 (internal quotations and citations omitted).

proposition that regardless of the dispositive/non-dispositive label of a motion, the "compelling interest" standard should apply, subject to the carve-out "for sealed materials attached to a discovery motion unrelated to the merits of a case."[16]   But this is by no means a bright-line rule, either: "nondispositive motions are not *always* unrelated to the underlying cause of action."[17] "While many technically nondispositive motions will fail this test, some will pass."[18]

　　　　While the emergency motion may touch upon dispositive elements of the case, it does so only to the extent that the discovery sought is relevant to the claims presently pending.  The better judgment is that the "good cause" standard for non-dispositive motions should govern the Court's consideration of the exhibits.  On this basis, the Court should grant Plaintiffs' Motion to file these exhibits under seal, because all of the applicable exhibits to Plaintiff's Motion contains the confidential, proprietary business records of Equifax and FIS in their completed form, which were produced pursuant to the stipulated Protective Order entered in this case.

　　　　Additionally, the Equifax deposition transcripts were placed under "blanket" confidentiality provisions at or around the time the depositions were taken, and Equifax's time for designating all of part of the exhibits as part of Equifax's 30-day review-and-sign period has not yet elapsed.  While it is likely that a substantial majority of the testimony contained therein will not ultimately be subject to confidential production, Plaintiffs request that these exhibits also be placed under seal for the time being in order to permit Equifax its full and fair opportunity to consider the deposition transcripts and make appropriate redactions in a manner consistent with Rule 30(e)'s review-and-sign period with respect to each excerpt.

/ / /

---

[16] *Id.* at 1097.
[17] *Id.* at 1098 (emphasis in original).
[18] *Id.* at 1101.

- 4 -

Dated: July 6, 2018

Respectfully submitted,

*/s/ Matthew I. Knepper*
Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123


Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018, and pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO SEAL AND/OR REDACT EXHIBITS A-2, D, F, G, I AND J TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND FOR SANCTIONS** was served via the U.S. District Court's electronic filing system to all individuals entitled to receive service thereon.

/s/ *Lucille Chiusano*
An employee of Knepper & Clark LLC