# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHARON BARNUM, et al.,

    Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant(s).

Case No.: 2:16-cv-02866-RFB-NJK

**ORDER**

[Docket Nos. 121, 122]

Pending before the Court is Plaintiffs' motion to compel answers to questions their counsel posed during meet-and-confer, and for sanctions. Docket Nos. 121, 122. Defendant filed responses in opposition. Docket Nos. 128, 129. Plaintiffs filed a reply. Docket No. 132.[1] The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are **DENIED**.

The instant dispute arises out of documents produced by Defendant. *See* Docket No. 121 at 11-14. Plaintiffs contend that the document production was improper, and they are contemplating filing a motion to strike that discovery. *See id.* at 2-3, 18-19. In the instant motion, Plaintiffs ask that the Court compel opposing counsel to answer questions regarding that document production that they contend were not sufficiently addressed in the parties' meet-and-confer efforts. *Id.* at 20-21. Plaintiffs contend that obtaining such answers will help them form a

---

[1] Plaintiffs sought emergency treatment of their motions. As a result, the analysis provided herein is somewhat truncated to enable an expedited resolution.

1

basis for seeking sanctions. *Id.* at 18.  In particular, Plaintiffs believe the information may help them establish bad faith conduct by Defendant. *Id.* at 20.

As Defendant correctly notes, however, Plaintiffs have provided no legal authority that a Court may issue the order requested. *See* Docket No. 128 at 11. The federal rules governing discovery provide for a motion to compel disclosure of information subject to Rule 26(a)'s disclosure obligations, a motion to compel responses to written discovery that has been propounded, and a motion to compel deposition testimony. Fed. R. Civ. P. 37(a)(3). Courts do not compel the revelation of information that is not subject to an outstanding discovery obligation. *See, e.g.*, *Barnum v. Equifax Info. Servs., LLC*, 2018 U.S. Dist. Lexis 39424, at *6 (D. Nev. Mar. 9, 2018) (citing *Scientific Games Corp. v. AGS LLC*, 2017 WL 3671286, at *3 n.6 (D. Nev. Aug. 24, 2017)).

Plaintiffs do not seek information that is sought through a pending discovery request and Plaintiffs have not demonstrated that the information is within the disclosure requirements in Rule 26(a).[2] Instead, Plaintiffs are seeking answers to questions they posed during a meet-and-confer; answers that they intend to use in crafting a motion for sanctions. Docket No. 121 at 20-21.[3] Plaintiffs have cited no case law or rule providing the Court with authority to grant the relief sought. Accordingly, the Court **DENIES** Plaintiffs' motion to compel answers to questions posed at the meet-and-confer.[4]

---

[2] Plaintiffs indicate that they are seeking an order compelling disclosure under Rule 37(a)(3)(A) of the Federal Rules of Civil Procedure. *See, e.g.*, Docket No. 132 at 6. That rule provides that, "[i]f a party fails to make a <u>disclosure required by Rule 26(a)</u>, any other party may move to compel <u>disclosure</u> and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A) (emphasis added). The plain language of the rule enables parties to compel disclosure of information that should have been provided by operation of Rule 26(a). Plaintiffs have not shown that the answers they now seek are within the scope of the disclosures required by Rule 26(a).

[3] The meet-and-confer requirements do not apply to motions for sanctions, regardless of whether the sanctions are predicated on alleged discovery violations. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008); *see also Nationstar Mtg., LLC v. Flamingo Trails No. 7 Landscape Mgmt. Assoc.*, 316 F.R.D. 327, 335-36 & n.7 (D. Nev. 2016). As it appears Plaintiffs seek answers to the disputed questions for the purpose of crafting a sanctions motion, it is not clear that the meet-and-confer requirements apply at all. Because neither party raises this issue, however, the Court assumes without deciding that a meet-and-confer was required and that Defendant was required to participate in it.

[4] The parties dispute whether a discovery violation occurred. The Court need not weigh in on that issue and concludes herein only that Plaintiffs have provided no basis on which the Court

Plaintiffs also seek sanctions for Defendant's conduct at the meet-and-confer in not providing the answers at issue. *See* Docket No. 122 at 21. The Local Rules provide the Court with authority to impose sanctions "for a party's failure to comply with the meet-and-confer requirement." Local Rule IA 1-3(f)(3). As noted above, Plaintiffs have cited no legal basis on which to conclude that Defendant must provide the answers sought. As such, the Court cannot conclude that Defendant engaged in sanctionable conduct in not providing those answers during the meet-and-confer process. Accordingly, Plaintiffs' motion for sanctions is **DENIED**.[5]

IT IS SO ORDERED.

Dated: July 10, 2018

                                                                                             _____
Nancy J. Koppe
United States Magistrate Judge

---

can compel answers to questions posed during the meet-and-confer process that are not subject to a pending discovery request or subject to Rule 26(a)'s disclosure obligations.

[5] Defendant also seeks sanctions in having to respond to the instant motion. *See* Docket No. 128 at 14. This request is not sufficiently developed to enable a decision. *See, e.g.*, *Kor Media Grp. v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).