UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHARON BARNUM, et al.,

    Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant(s).

Case No.: 2:16-cv-02866-RFB-NJK

**Order**

[Docket No. 125]

Pending before the Court is Plaintiff's motion to seal and/or redact certain exhibits filed in conjunction with a motion to compel and for sanctions. Docket No. 125. Equifax and non-party FIS Card filed declarations in support of sealing. *See* Docket Nos. 133, 136.

The Ninth Circuit has held that there is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

The motion to seal relates to six exhibits, and redactions to motion papers. With respect to Exhibits A-2 and D, an insufficient explanation has been provided as to how Equifax's assertion

1

of competitive disadvantage applies to the particular information in the exhibits. *See* Docket No. 133 at ¶¶ 5-8. Moreover, Equifax provides no indication why redaction, rather than outright sealing, is not appropriate since it is obvious that some of the information in the exhibits is not sealable. *E.g.*, Docket No. 123-2 at ¶ 5 ("Equifax was initially served with the complaint in this case on December 6, 2016").[1]

With respect to Exhibit F, Equifax has now filed that document on the public docket with limited redactions. Docket No. 133-1. Equifax submits that these redacted portions of the report reveal its proprietary credit report processes and company policies, as well as its computing systems. Docket No. 133 at 3. Assuming that accurately describes the information at issue, Equifax provides no explanation how the good cause standard is met with respect to these redactions (e.g., that it would suffer competitive harm through the disclosure of this information).

With respect to Exhibit G, Equifax apparently takes the position that it need not make any showing of sealability because the deposition took place three weeks before it filed its declaration. Docket No. 133 at 3. The Court ordered that the filing of a document under seal in conjunction with an emergency motion requires a showing within 3 days that the standards for sealing that document can be met. Docket No. 22 at 2 n.1. Equifax failed to do so. To the extent Equifax seeks secrecy for this exhibit or parts thereof,[2] <u>it shall file a declaration explaining how the good cause standard is met by July 26, 2018</u>. Failure to file a declaration by that date will result in the unsealing of this exhibit in its entirety.

With respect to Exhibit J, FIS Card indicates that the exhibit contains proprietary information, the revelation of which would be competitively harmful. *See* Docket No. 136-1 at ¶

---

[1] A request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

[2] If Equifax seeks only redactions to the exhibit, it shall file on the public docket a redacted version of the exhibit.

13. The Court simply fails to discern from the declaration provided how revelation of this document would be harmful to FIS Card. Moreover, and significantly, the exact same document is already part of the public record in this case. *See* Docket No. 96-32.

The Court **SETS** a hearing on the motion to seal for 3:00 p.m. on August 9, 2018, in Courtroom 3D.[3] Any party or non-party seeking sealing of any of the subject information shall appear for the hearing. <u>Plaintiffs' counsel shall provide notice of this order to FIS Card as soon as practicable, and shall file a proof of service by July 20, 2018.</u>

IT IS SO ORDERED.

Dated: July 19, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] In addition to the above exhibits, the Court will also hear argument on the request to seal the compact disc that was manually filed (Exhibit I) and the request to redact portions of the motions to compel and for sanctions (Docket Nos. 121, 122).