Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
Fax: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
Fax: (702) 967-6665
Email: dkrieger@hainesandkrieger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SHARON BARNUM; and ROBERT SUSTRIK, and all similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No.: 2:16-cv-2866-RFB-NJK<br><br>**PLAINTIFFS' MOTION TO SEAL AND/OR REDACT EXHIBITS 5, 6, 8, 13, 14, 19, AND 23 FILED IN SUPPORT OF PLAINTIFFS' RESPONSE TO EQUIFAX'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Sharon Barnum and Robert Sustrik ("Plaintiffs") moves under Nevada Local Rule 10-5 and Federal Rule of Civil Procedure 5.2 for leave to seal or redact Exhibits 5, 6, 8, 13, 14, 18, 19, and 23 to their Response to Equifax's Motion for Summary Judgment ("Response") in part, as described below.

/ / /

| Ex. 5 | 7.10.2016 Barnum Consumer Disclosure [Redacted] |
|-------|--------------------------------------------------|
| Ex. 6 | Barnum August 2016 Dispute Letter [Redacted] |
| Ex. 8 | August 2016 Barnum ACIS Archive Record [Sealed] |
| Ex. 13 | March 2016 ACIS Maintenance Participant's Workbook [Sealed] |
| Ex. 14 | Deposition Tr. of Alicia Fluellen [Redacted] |
| Ex. 19 | November 9, 2016 Notice of Reinvestigation Results [Redacted] |
| Ex. 23 | Sustrik Consumer Disclosure [Redacted] |

## BACKGROUND

On February 28, 2017, the Court granted the parties' stipulated protective order,[1] and entered an order outlining additional compliance requirements.[2]  The orders outlined the manner that documents for which confidential protection was sought should be filed under seal.[3]  Thereafter, defendant Equifax Information Services, LLC ("Equifax") and third-party Fidelity National Card Services ("FIS") produced certain confidential, proprietary documents to Plaintiffs in discovery.  At issue in this motion are the exhibits and deposition testimony identified in the appendix above, which Plaintiff seeks to file under seal, or redacted in part.

## MEMORANDUM OF POINTS AND AUTHORITIES

While courts recognize a general right to "inspect and copy public records and documents, including judicial records and documents,"[4] access to judicial records is not absolute.[5] "[T]he court may order that a filing be made under seal without redaction."[6] To seal documents attached to a motion for summary judgment, a party must demonstrate a compelling reason to prevent disclosure,[7] which can occur when public records "become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."[8]  In *Ctr. for Auto Safety v. Chrysler Grp.,*

---

[1] ECF Dkt. 21.
[2] ECF Dkt. 22.
[3] *See id.*
[4] *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978).
[5] *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).
[6] Fed. R. Civ. P. 5.2(d).
[7] *Kamakana*, 447 F.3d at 1178-79; *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016).
[8] *Id.* at 1178-79; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

*LLC,*[9] the dissent argued for the "the bright line rule [] balanc[ing] the common law right of access to court records with the protection afforded under Rule 26(c):

> (1) If a party to a legal proceeding attaches a sealed discovery document to a nondispositive motion, "the usual presumption of the public's right of access is rebutted," and "the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery document should be released."[10]
>
> (2) If a party attaches a sealed discovery document to a dispositive motion, the presumption of the public's right of access is not rebutted, and the party seeking to protect the document must show compelling reasons to maintain the documents under seal.[11]

However, the majority[12] rejected this position, and emphasized that "the public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'"[13]   Instead, "public access will turn on whether the motion is more than tangentially related to the merits of a case."[14]   The *Center for Auto Safety* panel decided that the compelling interest standard applied to a motion for preliminary injunctive relief because they are "extraordinary and drastic remedies, . . . they may certainly affect litigants' substantive rights, . . . and invoke important Article III powers[.]"[15]   Thus, in emphasizing the relationship of the motion's substance to the underlying cause of action, *Center for Auto Safety* supports the proposition that regardless of the dispositive/non-dispositive label of a motion, the "compelling interest" standard should apply, subject to the carve-out "for sealed materials attached to a discovery motion unrelated to the merits of a case."[16]   But this is by no means a bright-line rule, either: "nondispositive motions are not *always* unrelated to the underlying cause of action."[17] "While many technically nondispositive motions will fail this test, some will pass."[18]

---

[9] *Id.*

[10] *Id.* at 1104 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (Ikuta, J., dissenting).

[11] *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

[12] Albeit a somewhat divided one given Judge Sessions' concurrence.  *See id.* at 1103.

[13] *Id.* at 1101.

[14] *Id.*

[15] *Id.* at 1100 (internal quotations and citations omitted).

[16] *Id.* at 1097.

[17] *Id.* at 1098 (emphasis in original).

[18] *Id.* at 1101.

The Response to Motion for Summary Judgment is dispositive elements of the case. Therefore, the compelling interest standard should govern the Court's consideration of the exhibits.   Even on this standard, the Court should grant Plaintiffs' Motion to redact the following exhibits because the redactions only apply to personally identifiable information to which the public has no compelling interest: 5, 6, 8, 13, 14, 19, and 23.

The remaining exhibits to Plaintiff's Response contain the confidential, proprietary business records of Equifax and FIS in their completed form, which were produced pursuant to the stipulated Protective Order entered in this case.

Equifax has provided the accompanying Declaration of Margaret Leslie, in accordance with this Court's Order at ECF No. 22.[19]   Plaintiffs also note that they identified a number of exhibits that they intended to file under seal in support of both the instant Motion to Certify and the concurrently filed Response to Motion for Summary Judgment.    FIS has provided the accompanying Declaration of Michael Gonzalez.[20]    Plaintiff defers to the declarants for Equifax and FIS as to whether their documents meet to compelling interest stand, as discussed below.

Dated: September 18, 2018

Respectfully submitted,

*/s/ Matthew I. Knepper*

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Ste. 170-109
Las Vegas, NV 89129

David H. Krieger, Esq.
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123

*Attorneys for Plaintiff*

---

[19] Declaration of Margaret Leslie is attached hereto as **Exhibit 1.**
[20] Declaration of Michael Gonzalez, attached hereto as **Exhibit 2.**

1

2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2018, and pursuant to the Federal Rules of Civil

Procedure, a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO SEAL**

**AND/OR REDACT EXHIBITS 5, 6, 8, 13, 14, 19, AND 23 FILED IN SUPPORT OF**

**PLAINTIFFS' RESPONSE TO EQUIFAX'S MOTION FOR SUMMARY JUDGMENT**

was served via the U.S. District Court's electronic filing system to all individuals entitled to

receive service thereon.

/s/ *Lucille Chiusano*
An employee of Knepper & Clark LLC

- 5 -