# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHARON BARNUM, et al.,

    Plaintiff(s),

v.

EQUIFAX INFORMATION SERVICES, LLC,

    Defendant(s).

Case No.: 2:16-cv-02866-RFB-NJK

**Order**

Pending before the Court are various motions to seal related to class certification and summary judgment. Docket Nos. 152, 156, 177, 190, 197; *see also* Docket No. 196 (corrected image to Docket No. 177). The motions are insufficient.[1]

As counsel are aware, the Ninth Circuit requires a "particularized showing" to seal documents. *See* Docket No. 138 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006)).[2] The pending motions do not make a particularized showing. Instead,

---

[1] Requests to seal should be routine, administrative matters. The latest motions are part of a string of deficient sealing requests filed in this case. *See* Docket Nos. 47, 49, 138.

[2] That is true even under the relatively lenient "good cause" standard. *See Kamakana*, 447 F.3d at 1180. The motions to seal now before the Court are subject to the higher "compelling reasons" standard. *See, e.g.*, *Waldrup v. Countrywide Fin'l Corp.*, 2018 WL 4586188, at *4 (C.D. Cal. Sept. 17, 2018) (collecting cases that motions to seal related to class certification require a showing of compelling reasons); *MediciNova, Inc. v. Genzyme Corp.*, 2017 WL 6028365, at *2 (S.D. Cal. Dec. 5, 2017) (motions to seal related to summary judgment require a showing of compelling reasons).

1

the motions provide a grid purporting to identify the exhibits for which sealing is sought,[3] and then attach declarations that address categories of purportedly sealable documents without any indication as to how that reasoning applies to the particular exhibits at issue (if it does at all).[4]

Despite clearly-established Ninth Circuit authority and instruction in this case, the motions also fail to explain why sealing is appropriate rather than redaction. *See* Docket No. 138 at 2 & n.1 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011)).

Lastly, it is well-settled that courts generally lack the ability to make secret information that is already available to the public. *See, e.g.*, Docket No. 52 at 1 (citing *Ashcraft v. Welk Resort Group*, 2017 WL 4038397, at *2 n.2 (D. Nev. Sept. 13, 2017)). The motions to seal involve at least one document that is already on the public docket in this case with limited redaction to personal identifying information. *Compare* Docket No. 158-16 (sealed exhibit for FIS Card 000233) *with* Docket No. 96-32 (publicly filed version of the same exhibit, with limited redaction to home addresses).

The Court declines to rule on the instant requests in their current form. Instead, supplements shall be filed by January 18, 2019, in conformity with the following directives:

- A separate section must be provided for each document at issue.
- For sections related to exhibits containing only redactions for personal identifying information, the supplement must include a certification by the filing party that the only information being concealed from the public is personal identifying information for which redaction is mandated by Local Rule IC 6-1(a) and/or Rule 5.2(a) of the Federal Rules of Civil Procedure.

---

[3] The motions have several inaccuracies, including with respect to the basic description of the documents at issue. *Compare, e.g.*, Docket No. 196 at 2 (motion to seal identifying exhibit 6 as "Barnum August 2016 Dispute Letter") *with* Docket No. 175-2 (exhibit 6, which is actually Equifax's "ACIS Maintenance Participant's Workbook").

[4] Equifax's declaration contains its own grid purporting to identify bates-ranges of documents for which one set of reasoning applies and also identifies three testimonial documents for which another set of reasoning applies. *See, e.g.*, Docket No. 196-1. Several of the Equifax-related exhibits at issue do not appear to fall within any of the documents identified within the declaration. *See, e.g.*, Docket No. 175-10 (exhibit 19, consisting of Equifax's supplemental discovery responses); Docket No. 151-14 (exhibit 18, consisting of schedule to transaction document); Docket No. 151-15 (exhibit 22, consisting of ACIS Archive Record).

- For all other exhibits, each section must (1) identify the document and explain in general terms the nature of its contents, (2) explain which party (or non-party) seeks sealing or redaction of the document,[5] (3) advance in meaningful fashion the reasoning provided for sealing or redaction, supported by citation to a declaration addressing the particular document at issue, and explain why that reasoning meets the "compelling reasons" standard, (4) explain why redaction is not feasible if sealing of an entire exhibit is requested, and (5) include certification from the party (or non-party) seeking secrecy that the exhibit or redacted information is not already publicly available.
- These supplements shall be filed separately for each pending motion to seal. The party who filed the motion to seal is responsible for preparing and filing the supplement, regardless of whether secrecy of the subject information is being sought by another party (or non-party).
- Counsel shall ensure that the supplements are accurate and complete, and should not expect any further opportunity to cure deficiencies.

IT IS SO ORDERED.

Dated: January 4, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[5] To the extent there is opposition to the request to redact or seal, that must also be noted.