UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHARON BARNUM, et al.,<br>　　　Plaintiff(s),<br>v.<br>EQUIFAX INFORMATION SERVICES, LLC,<br>　　　Defendant(s). | Case No.: 2:16-cv-02866-RFB-NJK<br><br>**Order**<br><br>[Docket No. 156] |

Pending before the Court is a motion to seal. Docket No. 156. The parties have filed a joint supplement. Docket No. 201. The motion to seal relates to Exhibits 1, 3-9, 11-17, 21-22, and 25 that were filed in relation to the motion for summary judgment. For the reasons discussed below, the motion to seal is hereby **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to maintain under seal all of the materials currently at issue, and Plaintiffs are **ORDERED** to file public versions of documents as specified below.

With respect to Exhibits 1, 3, 4, 7, 8, 9, 11, 12, and 22, the only aspect being kept secret are redactions concealing personal identifying information. *See* Docket No. 201 at 3-4, 6, and 10. Such redactions are mandated by Local Rule IC 6-1(a) and Rule 5.2(a) of the Federal Rules of Civil Procedure. No order is necessary for these redactions, so this aspect of the motion is **DENIED** as unnecessary.

With respect to Exhibits 6, 13, 14, 15, 16, and 25, the request for sealing has been withdrawn. *See* Docket No. 201 at 5, 7, 11. As such, that aspect of the motion to seal is **DENIED**

as moot.  Copies of these exhibits shall be filed on the public docket no later than February 5, 2019.

With respect to the remaining exhibits, the Court has already determined that the motion to seal is subject to the "compelling reasons" standard.  Docket No. 198 at 1 n.2 (citing *MediciNova, Inc. v. Genzyme Corp.*, 2017 WL 6028365, at *2 (S.D. Cal. Dec. 5, 2017)).  The compelling reasons articulated must outweigh the competing interests of the public in having access to the judicial records and understanding the judicial process.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010) (courts must weigh "relevant factors," including the public's interest in understanding the judicial process).  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'"  *Kamakana*, 447 F.3d at 1179 (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."  *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Exhibit 5 is Equifax's Maintenance Participant's Workbook from March 2016, for which Equifax has proposed redactions.  *See* Docket No. 201-1 at 60-106 (redacted version).  The proposed redactions conceal precise keystrokes and codes that could be used to navigate and manipulate consumer credit data.  Docket No. 201-1 at 9-10.  Hence, revealing this information to the public could lead to identity theft, credit-reporting manipulation, and corporate theft.  *Id.*  The Court finds the compelling reasons articulated for concealing this information outweighs the public's interest in having access to it.  This aspect of the motion to seal is **GRANTED**.

Exhibit 17 is a Master Agreement between Equifax and non-party FIS Card, for which FIS Card seeks outright sealing.  Docket No. 161.  FIS Card represents that this document includes confidential and proprietary information, the revelation of which would be competitively

disadvantageous. *See* Docket No. 201-8. Compelling reasons were found to seal a similar document in another case. *See Le v. Equifax Info. Servs., LLC*, 2017 U.S. Dist. LEXIS 161912, at *3-4 (D. Nev. Sept. 29, 2017). The Court will similarly here allow this document to be sealed. This aspect of the motion to seal is **GRANTED**.

Exhibit 21 is the declaration of Alicia Fluellen, for which Equifax has proposed redactions. *See* Docket No. 158-15.[1] The proposed redactions conceal information on how to access and use confidential information on Equifax's computer systems. *See* Docket No. 201-1 at 10. Such information could be used by others to navigate and manipulate Equifax's systems. *See id.* The Court finds the compelling reasons articulated for concealing this information outweighs the public's interest in having access to it. This aspect of the motion to seal is **GRANTED**.

For the reasons discussed above, the motion to seal is hereby **GRANTED** in part and **DENIED** in part.

IT IS SO ORDERED.

Dated: January 29, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The fact that the Court previously allowed these redactions under the lesser "good cause" standard is not determinative of whether the redactions are appropriate under the more stringent "compelling reasons" standard. *See, e.g.*, *Aevoe Corp. v. AE Tech Co.*, 2014 WL 551563, at *2 (D. Nev. Feb. 7, 2014).