# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHARON BARNUM; ROBERT SUSTRIK, and all similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. 2:16-cv-02866-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Plaintiffs Sharon Barnum and Robert Sustrik sue Defendant Equifax Information Services, LLC for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Before the Court are three contested motions: Defendant's Motion for Summary Judgment, ECF No. 148; (2) Plaintiffs' Motion to Certify Class, ECF No. 150; and (3) Plaintiffs' Motion for Partial Summary Judgment, ECF No. 154.

As a preliminary note, this matter was originally titled Cabebe v. Equifax Information Services, LLC. The original plaintiff has been terminated from this matter and replaced with the currently named Plaintiffs. Thus, the Court instructs that the caption in this matter shall now read as reflected above.

## II. PROCEDURAL BACKGROUND

Jerry Cabebe sued Defendant on December 11, 2016. ECF No. 1. Three amended complaints were filed, the third of which terminated Cabebe from the matter. ECF Nos. 5, 29, 39. Plaintiffs filed the operative complaint, the Fourth Amended Complaint, on March 29, 2018. ECF No. 112. In the Fourth Amended Complaint, Plaintiffs assert two claims against Defendant: (1) a

violation of the FRCA and (2) a request for declaratory relief under 28 U.S.C. § 2201 that Defendant violated FRCA. Id. Plaintiffs bring the claims on behalf of a proposed class of consumers. Id.

Now, Defendant moves for summary judgment, and Plaintiffs move for partial summary judgment. ECF Nos. 148, 149, 154, 155, 161. Both parties opposed the competing motion and filed corresponding replies. ECF Nos. 174, 175, 173, 185, 187. Defendant also filed a sur-reply after obtaining leave to so from the Court. ECF Nos. 213, 214.

In addition to their Motion for Partial Summary Judgment, Plaintiffs move to certify a proposed class under Federal Rule of Civil Procedure ("Rule") 23. ECF No. 150. Defendant opposed, and Plaintiffs replied. ECF Nos. 176, 178, 180, 181, 188, 189.

## III. UNDISPUTED FACTS

The Court finds the following facts to be undisputed. As defined by the FCRA, Defendant is a credit reporting agency ("CRA") and Plaintiffs are consumers.

### a. Defendant's Reinvestigation Procedure

When a consumer disputes information reflected on a credit report, Defendant opens an Automated Consumer Interview System ("ACIS") case to conduct a reinvestigation into the information provided by a furnisher. The ACIS case details the process of the reinvestigation.

After completion of the reinvestigation, Defendant generates an electronic file containing a reinvestigation results letter and transmits the file to nonparty Fidelity National Card Services Inc. Defendant contracts with Fidelity National to complete the mailing of reinvestigation results letters to consumers. Under the contract, Fidelity National prints and mails the reinvestigation results letter to the consumer.[1] The contract governing Fidelity National's services has been

---

[1] In relation to the mailing process, the Court notes that Plaintiffs list the following as disputed facts: (1) Defendant automatically processes, transmits, and logs the transmission of reinvestigation results letters transmitted to Fidelity National; (2) Defendant receives data confirming that it successfully transmitted the files to Fidelity National; (3) Defendant's process allows it to confirm that the reinvestigation results letters are transmitted, printed, and mailed. But Plaintiffs do not actually dispute Defendant's characterization of its processes as summarized in deposition testimony. Plaintiffs instead challenge the sufficiency of Defendant's evidence given that Defendant purges its records after sixty days if no issue is reported during the processes and that the manuals do not outline the manner in which Defendant oversees Fidelity National's activities. The Court finds that the deposition testimony sufficiently describes Defendant's typical process absent any contrary evidence introduced by Plaintiffs to create a genuine issue of material

amended multiple times. Defendant, however, has been unable to provide all the amendments and exhibits to the amendments.

Further, while Defendant's procedure for responding to mailed-in consumer disputes is memorialized in its manuals, the manuals do not outline the processes or the policies in place that allow Defendant to oversee Fidelity National to ensure that the FCRA obligations are satisfied. But Defendant typically sends reinvestigation results letters to consumers automatically except in certain circumstances, *e.g.*, when a consumer's address cannot be verified or when a consumer reported fraud. If a processing error occurs during the typical process, Defendant receives notice from support personnel.

### b. Plaintiffs' Disputes

Plaintiff Barnum filed Chapter 13 Bankruptcy in January 2011, receiving a discharge on May 23, 2016. In July 2016, Plaintiff Barnum received a consumer disclosure from Defendant. On August 2, 2016, she sent Defendant a letter to dispute five items on the July 2016 disclosure. Defendant received the letter on August 8, 2016 and began conducting a reinvestigation on Plaintiff Barnum's five disputes. Per Defendant's internal database, Defendant completed the investigation on August 31, 2016 at 2:45 pm. Defendant automatically generated a letter to summarize the reinvestigation results. No records indicate that the reinvestigation results were withheld based on an unverified address or a report of fraud. But Plaintiff Barnum did not receive the results letter. Plaintiff Barnum thus sent a second dispute letter to Defendant in October 2016. After completion of a second reinvestigation, Plaintiff Barnum received a results letter from Defendant. One month later, Plaintiff Barnum was extended a line of credit for which she applied for in August 2016—the same month in which she disputed the information reported by Defendant.

Like Plaintiff Barnum, Plaintiff Sustrik also filed for Chapter 13 Bankruptcy. He filed his petition in July 2010 and received a discharge on November 23, 2015. After receiving a consumer disclosure from Defendant on July 2, 2016, Plaintiff Sustrik sent Defendant a letter to dispute four items on August 2, 2016. Defendant completed a reinvestigation and automatically generated a

---

fact. But even more, for the reasons discussed herein, the Court finds that the process of printing and mailing is not material to the decision of this Court.

1  reinvestigation results letter on August 29, 2016 at 11:45 pm.  Again, no records indicate that the reinvestigation results were withheld.  But Plaintiff Sustrik did not receive the results letter.

Both Plaintiffs spent funds to make their disputes with Defendant.  Both Plaintiffs also experienced damages (*e.g.*, uncertainty, anguish, and anxiety) as a result of not receiving notice regarding their disputes.

However—and importantly—neither Plaintiff disputes that the information challenged and reinvestigated was in fact accurate.

### IV.     DISPUTED FACTS

The parties dispute whether: Defendant has reasonable policies and procedures in place to satisfy its statutory duties of providing notice to consumers after conducting a reinvestigation under the FCRA; the reinvestigation results letters regarding Plaintiffs' disputes were printed and mailed, and; Plaintiffs suffered harm at the result of Defendant's actions or inactions.

### V.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.  Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014).  If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."  Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).  It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage.  Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

/ / /

/ / /

## VI. DISCUSSION

To begin, the Court considers the parties' motions for summary judgment. Plaintiffs do not dispute the reasonableness of Defendant's reinvestigation into Plaintiffs' disputes or the accuracy of the information disputed by each Plaintiff. Plaintiffs instead bring their claim based on the allegedly unreasonable or insufficient policies and procedures governing the oversight of Fidelity National by Defendant to ensure the FCRA mandates are satisfied.

### A. The Fair Credit Reporting Act

"Congress enacted the [FCRA] in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" Id. (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)).

In relation to the duties of CRAs in the event a consumer disputes reported information as inaccurate, Section 1681i provides:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the [CRA] directly, or indirectly through a reseller, of such dispute, the [CRA] shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with [the FCRA], before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A). Thus, the CRA must conduct a reinvestigation of information provided by furnishers or creditors within thirty days of receiving notice of the consumer dispute. Id.

Additionally, Section 1681i mandates that the CRA provide notice of its decision on an investigation in one of two ways. First, Section 1681i provides:

> Upon making any determination in accordance with subparagraph (A) that a dispute

> is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the agency.

15 U.S.C. § 1681i(a)(3)(B). Alternatively, Section 1681i provides:

> A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation under this subsection not later than 5 business days after the completion of the reinvestigation, by mail or, if authorized by the consumer for that purpose, by other means available to the agency.

15 U.S.C. § 1681i(a)(6)(A). A CRA therefore must provide either a notice that the dispute was frivolous or irrelevant within five days of such a determination or a notice of the reinvestigation results within five days of the conclusion of the reinvestigation.

"Although the FCRA's reinvestigation provision … does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including [the Ninth Circuit Court of Appeals], have imposed such a requirement." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890 (9th Cir. 2010). Thus, a plaintiff "must make a prima facie showing of inaccurate reporting" to file suit under Section 1681i. Id. (citing Dennis v. BEH-1, LLC, 520 F.3d 1066, 1069 (9th Cir. 2008).

### B. Analysis

Both parties move for summary judgment. Defendant moves for summary judgment, contending that Plaintiffs' claims fail for three reasons: (1) Plaintiffs cannot show that their disputes contained inaccurate information; (2) Plaintiffs cannot show that Defendant failed to institute reasonable processes by which consumers are provided reinvestigation results letters; and (3) Plaintiffs cannot establish willfulness, limiting Plaintiffs' recovery to actual damages and attorney's fees. Plaintiffs move for partial summary judgment, seeking a decision that Defendant is liable under the FCRA for failing to provide reinvestigation results letters within the statutory deadline. Plaintiffs argue that the evidence shows that Defendant failed to enact satisfactory procedures, controls, or oversights to ensure that Fidelity National printed and mailed the reinvestigation results letters within five days of concluding the reinvestigations.

///

This matter is resolved by Defendant's first argument; Plaintiffs do not dispute that any inaccuracies were actually reported by Defendant. Plaintiffs thus fail to satisfy the prima facie element of inaccuracy as required by the Ninth Circuit for the FCRA claims arising under Section 1681i. Carvalho, 629 F.3d at 890; see also Dennis, 520 F.3d at 1069. While Plaintiffs argue that the FCRA does not require inaccuracy as an element for a Section 1681i claim on its face and such a requirement renders other provisions of the FCRA superfluous, the Ninth Circuit disposed of Plaintiffs' arguments in Dennis. 520 F.3d at 1069. The Ninth Circuit explicitly held that a suit under Section 1681i indeed requires a "prima facie showing of inaccurate reporting." Id. The Ninth Circuit has explained that "[t]he inaccuracy requirement comports with the purpose of the FCRA, which is 'to protect consumers from the transmission of inaccurate information about them.'" Carvalho, 629 F.3d at 890 (quoting Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009)). Because Plaintiffs do not challenge that the disputed information was in fact accurate, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiffs' Motion for Partial Summary Judgment accordingly.

Further, as a result of the grant of summary judgment in favor of Defendant, the Court does not need to reach the arguments regarding class certification in Plaintiffs' Motion to Certify the Class as Plaintiffs have not established a prima facie the FCRA claim for which a class may be certified. The Motion to Certify is therefore also denied.

**VII. CONCLUSION**

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 148) is GRANTED.

**IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 154) is DENIED.

**IT IS ORDERED** that Plaintiffs' Motion to Certify Class (ECF No. 150) is DENIED.

///

///

///

**IT IS ORDERED** that the Clerk of the Court is instructed to enter judgment in favor of Defendant and close this matter accordingly.

DATED: March 21, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**